**Donate Luyombya MUSENGE,**
**Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND**
**IMMIGRATION SERVICES,**
**Respondent.**

Nos. 04–2918–ag (L); 05–1624–ag (Con).

United States Court of Appeals,
Second Circuit.

Sept. 11, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

H.S. Garcia, United States Attorney, Nelson Pérez–Sosa, German A. Rieckehoff, Assistant United States Attorneys, San Juan, PR, for Respondent.

Present: RICHARD J. CARDAMONE, DENNIS JACOBS and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Donate Luyombya Musenge petitions for review of the May 2004 BIA decision affirming the decision of Immigration Judge ("IJ") Michael Rocco, denying Musenge's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA affirms summarily, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nonetheless, "the fact that the [agency] has relied primarily on credi-bility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ The adverse credibility finding rested on three bases: (1) petitioner's inconsistency over whether he was wearing clothes while fording a river to escape capture, (2) the implausibility that petitioner kept his identification card dry or intact throughout his escape, and (3) a contradiction in dates between petitioner's testimony and a document entitled "Attestation of Marriage." The first two grounds were unreasonable bases for the adverse credibility finding: (1) Musenge had consistently stated that he wore shorts while crossing the river (describing his outfit as "no clothes ... shorts only"); and (2) the assumption that the identification card would have been visibly damaged by the water is based on pure speculation. The third basis for the adverse credibility finding, however, is supported by the record: Petitioner claimed to request the marriage certificate in November 1996, while the document reflects issuance in August 1996. This inconsistency is serious, and goes to the heart of petitioner's claim: Petitioner repeatedly claimed to have been imprisoned for eight months, and only thereafter to have requested a copy of his marriage certificate. The issuance of this document three months before the end of petitioner's purported jail time undermines his claim to ever have been imprisoned. Upon a combination of erroneous and error-free findings, we ask whether "we can state with confidence that the IJ would adhere to his decision

were the petition remanded." *Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006). We cannot so state with confidence, but a remand to the IJ may be obviated depending on the BIA's clarification of an issue of law.

### Protected Ground

To be eligible for asylum as a refugee under the INA, an applicant must demonstrate an inability or unwillingness to return to his home country "because of persecution or a wellfounded fear of persecution on account of race, religion, nationality, membership in a particular social group, or [as Musenge claims] *political opinion.*" 8 U.S.C. § 1101(a)(42) (emphasis added). The BIA has held that an applicant must produce either direct or circumstantial evidence from which it is reasonable to conclude that the harm suffered or feared by the applicant is motivated, at least in part, by an actual or imputed ground. *Matter of S–P–,* 21 I. & N. Dec. 486, 494 (BIA 1996). Here, petitioner presented testimony that—if credible—would tend to show that petitioner was persecuted because of political opinions of his family members. The interrogation described by petitioner reflects a concern with the whereabouts and opinions of petitioner's brothers and father, but reflects no interest in petitioner's own political opinions. *See* Appx. at 169 ("They ... started to telling me that ... we don't trust you, and your father and your brother is working for the government, so you're going to tell us the truth. *Where is your brothers?* " (emphasis added)); Appx. at 174 ("They were asking me [because] .... my brother is a soldier, I know, *so I know the secrets* of [Mobutu]." (emphasis added)). All of these lines of inquiry stress concern with petitioner's family, without focus on petitioner's actual or imputed beliefs.

This narrative raises a novel question: whether an applicant who is persecuted because of the political opinions of close relatives—or, in an effort to inflict persecution on those close relatives—can claim asylum on the basis of persecution for political opinion, absent evidence of persecution on the basis of petitioner's own actual or imputed political beliefs. In other words, is asylum available to an applicant who suffers persecution brought about by the political opinions of another, even if those *opinions are not imputed to the applicant?*

This issue raises a question of statutory construction: whether the persecution allegedly suffered was motivated by "political opinion" per the meaning of the statute. "Where (as here) the BIA has yet to decide whether a group, a thing, or a situation falls within the ambit of a statutory term, the proper course is for the reviewing court to remand the matter to the BIA in accordance with the well-worn ordinary remand rule." *Ucelo–Gomez v. Gonzales,* 448 F.3d 180, 186 (2d Cir.2006). We therefore vacate and remand to the BIA for consideration of this issue.

For the foregoing reasons, the petition for review is GRANTED, the BIA's May 2004 order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision, including (if necessary) remand to the IJ for further fact-finding. The petition for review of the BIA's March 2005 decision is DISMISSED as moot. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).