09-1049-ag
Musenge v. Holder

BIA
Rocco, IJ
A076 100 748

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of June, two thousand ten.

PRESENT:
>    JOSÉ A. CABRANES,
>    ROBERT A. KATZMANN,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges*.

_____

DONATE LUYOMBYA MUSENGE,
        *Petitioner*,

        v.                                     09-1049-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          *pro se*

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Michelle G. Latour,
                         Assistant Director; Sunah Lee, Trial
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Donate Luyombya Musenge, a native and citizen of the Democratic Republic of the Congo, seeks review of a February 19, 2009, order of the BIA, affirming on remand the December 20, 2002, decision of Immigration Judge ("IJ") Michael Rocco, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Musenge*, No. A076 100 748 (B.I.A. Feb. 19, 2009), *aff'g* No. A076 100 748 (Immig. Ct. Buffalo Dec. 20, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622-23 (2d Cir. 2007). The applicable standards of review are well-established. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Because we are called upon to review findings that we adjudicated previously, under the law of the case doctrine

we follow our earlier holdings, unless "cogent and compelling reasons militate otherwise." *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal quotation marks and citations omitted). In 2006, we held that while two of the grounds supporting the IJ's adverse credibility determination were erroneous, the finding that the date of issuance on the marriage certificate conflicted with Musenge's testimony was: (1) "supported by the record"; (2) "serious"; and (3) "[went] to the heart of [Musenge]'s claim" insofar as it "undermine[d] his claim to ever have been imprisoned." *Musenge v. BCIS*, 196 Fed. App'x 29, 30 (2d Cir. 2006) (unpublished). We nevertheless remanded Musenge's case to the BIA because we could not "state with confidence that the IJ would adhere to his decision" on the basis of the non-erroneous finding alone. *Musenge*, 196 Fed. App'x at 30-31 (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir. 2006) (*revised in other part and reissued* at 471 F.3d 315 (2d Cir. 2006))).

On remand, the BIA clarified that the IJ's single non-erroneous finding supported an overall adverse credibility determination. Thus, we are now called upon to determine whether substantial evidence supports that determination.

3

We conclude that it does. Accordingly, the agency did not err in denying Musenge's application for asylum, withholding of removal, and CAT relief based on its adverse credibility determination, insofar as each of those claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006). Because the agency's adverse credibility finding is dispositive of Musenge's application for asylum, withholding of removal, and CAT relief, we decline to address the agency's alternative nexus finding.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4